### RANDOLPH vs. DAUNOY.

The existence of a servitude must be truly proven.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The petition states that the defendant's land, contiguous to the plaintiff's, is burdened with a servitude whereby the water that falls on the latter has its way thro' the former, and the defendant has stopped up the passage of the water through her lot, to the injury of the plaintiff. It concludes with a prayer that she be enjoined from preventing or obstructing the passage of the water from the plaintiff's lot thro' hers, &c.

The existence of the servitude was denied;

certificate.

the defehdant had judgmeht, and the  plaintiff
appealed.

The statement of facts shews that the ven-
dor of both parties built two houses in a block,
which covered the whole lot on which they
stand, so that the water which falls into the
yard of the upper house, purchased by the
plaintiff, can have no passage but over the
yard of the house purchased by the defendant,
or by a gutter to be made thro' the corridor or
entry of the former house.   There is now, and
there has been for some time, a hole of the
size of a hat, in the wall which separates both
yards, through which the water passes from
the plaintiff's yard into that of the  defendant.
It is not proven that this hole was left in the
wall when it was erected, tho' one witness de-
posed he believed it was; but two others de-
pose it has the appearance of having been
made, by taking out a few bricks from the
wall.  It existed while the two houses be-
longed to the vendor of the parties, and he
had noticed it.   It was at times closed by the
tenant of the lower house; but when she was
requested to leave it open to avoid an incon-
venience to the owner, she consented.   It
would cost about fifty dollars to have a gutter

Eastern Dist.
*June*, 1828.

RANDOLPH
*vs.*
DAUNOY.

made thro' the entry or passage, to lead the water from the yard to the street.

On the facts, we think the district judge did not err in concluding that the plaintiff had failed to establish the existence of the servitude. It is not proven that the hole was left in the wall; and the witness who expresses his belief that it was, speaks only from the appearance of the bricks. Two others think differently.

The servitude not being proven, we think judgment was properly given for the defendant.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed, with costs.

*Maybin* for the appellant—*P. Derbigny* for the appellee.